MICHAEL WOLFF V. THE STATE.

No. 10143. Delivered May 5, 1926.

**Keeping Premises for Manufacturing, etc.—Accomplice Testimony—Failure to Charge On—Error.**

Where, on a trial for keeping premises for manufacturing, etc. intoxicating liquor, witness for the state testified that he was present and aided the father in making whiskey on said premises, it was error for the court to fail to instruct the jury that such witness was an accomplice, and for the error the judgment must be reversed. See Branch's Ann. P. C., Sec. 702. Following Irwin v. State, 1 Tex. Crim. App. 303, and other cases cited.

Appeal from a conviction in the District Court of Fayette County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for keeping premises for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*George Willrich, C. E. Nesota* and *W. J. Embrey,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Fayette County for unlawfully keeping his premises and buildings for the purpose of storing and manuafcturing intoxicating liquors, and his punishment assessed at one year in the penitentiary.

The record discloses that the appellant was jointly indicted with Richard Wolff and Albert Duschinsky, and upon a severance being granted to Richard Wolff, appellant and Duschinsky were jointly tried, and appellant convicted and Duschinsky acquitted. The record further discloses that Duschinsky had been farming on the premises of the appellant, but that about the time of the alleged offense, or a short time thereafter, they became engaged in a serious and threatening difficulty which resulted in Duschinsky's leaving the premises of appellant and going to the premises of a neighbor who was unfriendly to him, the appellant. The sheriff, upon searching Duschinsky's house, found therein about 25 gallons of whiskey, and also found some barrels, mash and a still in the pasture belonging to the appellant.

The appellant and Duschinsky were represented by different attorneys upon the trial. Duschinsky's attorney placed him upon the stand and he testified in detail as to how the still was obtained, and to his going after the still and bringing it back, in company with his son, Albert Duschinsky, Jr., and to the effect that while he carried the still, his son probably carried the coil. Duschinsky further testified that the appellant insisted upon his making the whiskey, and, in effect, assured him that if it was discovered, he, appellant, would be responsible, and practically to the effect that appellant, by reason of refusing to furnish the necessary supplies for his family, forced him to make the whiskey. The appellant defended upon the ground—and so testified and introduced other evidence to the same effect—that he knew nothing of the whiskey being made on said premises until it was found by the sheriff, and denied any connection therewith or knowledge thereof. Appellant further testified that he was opposed to whiskey being made on his premises.

The State placed upon the stand Albert Duschinsky, Jr., who testified in detail concerning the operations of his father and the appellant in making whiskey on the appellant's place, relating in detail how it was made, and to conversations between appellant and his father regarding same, and to the

appellant furnishing the material, and to his (the witness) assisting in making same, and with reference to the mash and his connection therewith, as · follows:

"We put it in a well because we did not want to dig a well, and this one was shown to us. Richard Wolff showed us the well where we should put it. Michael Wolff knew where the mash was and knew where we were keeping it. During the time we were cooking it in the barn, Mr. Michael Wolff was there and saw us cooking it. * * * I did. not know how to make it as well as my papa, but I knew tolerably well. I did not help my papa to make this stuff very much; usually I just looked on. After we made that stuff, and it was of a brown color, we had it in barrels and then into the field. * * * Usually when that stuff was cooked, I looked on; mostly I looked on, but I helped a little, carrying water and things. I did carry water."

The court failed to charge the jury on Albert Duschinsky, Jr., being an accomplice, and the attorneys for the appellant duly excepted and objected to said charge and prepared a special charge requesting the court to charge the jury that said Duschinsky, Jr., was an accomplice witness, which was by the court refused, and the appellant excepted. This charge was sufficient, as well as said objections to the main charge, to call the court's attention to this omission to charge on the law of accomplice. Albert Duschinsky, Jr., having testified fully as to his presence, aiding and assisting in the making of the alleged whiskey, he is, we think, clearly a principal under Arts. 65 and 66 of the 1925 Penal Code (Arts. 74 and 75 of the old code), and we think that the trial court was in error in failing to charge the jury, under the facts of this case, that this witness was an accomplice. Branch's Ann. P. C., Sec. 702, citing Irvin v. State, 1 Texas Crim. App. 303; Davis v. State, 2 Texas Crim. App. 605; Newton v. State, 62 Texas Crim. Rep. 622, 138 S. W. 712, and many other authorities thereunder. See also Gibson v. State, No. 9883, opinion delivered March 17, 1926, yet unreported.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.