### John Barnhart v. The State.

No. 10091.   Delivered May 19, 1926.

Rehearing granted November 24, 1926.

**1.—Manufacturing Intoxicating Liquor—Statement of Facts—Filed Too Late.**

Statement of facts and bills of exception must be filed within ninety days from the notice of appeal given, and the trial court is without authority to extend this time. See Art. 760, C. C. P. 1925. The statement of facts and bills of exception in this case were filed too late, and cannot be considered, and the cause must be affirmed.

ON REHEARING.

**2.—Same—Statement of Facts—On Proper Showing—Will Be Considered.**

In his motion for rehearing, appellant having made a proper showing of the cause of his failure to file his statement of facts and bills of exception within the time prescribed by statute, certified to by the trial judge, we have decided that same should be considered.

**3.—Same—Charge of the Court—On Accomplice—Improperly Refused.**

Where a witness for the state testified to participating in the manufacture of the whiskey with appellant, but claimed that his participation was under duress by the appellant, it was error for the court to fail to submit the issue, in his charge to the jury, as to whether or not he acted voluntarily or under duress, to determine whether or not he was in law an accomplice, and for this error the cause, on rehearing, must be reversed and remanded.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAllester* of Nacogdoches, for appellant.

On accomplice testimony, appellant cites:

Cate v. State, 272 S. W. 210; Miller v. State, 97 Tex. Crim. Rep. 637.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Nacogdoches County for the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the district court convened on the 7th day of September, 1925, adjourned October 24, 1925, the appellant was tried and convicted on the 26th day of September, 1925, and his motion for new trial was overruled on the 29th day of September, 1925, at which time notice of appeal was given and an order entered granting him 90 days from the adjournment of said term of court within which to file his bills of exception and statement of facts. The record further discloses that the appellant's statement of facts was filed 107 days, and the bills of exception were filed 114 days, after said notice of appeal was given. The State's Attorneys with this court object to our consideration of the statement of facts and bills of exception because same were filed more than 90 days after said notice of appeal was given. Art. 760, 1925 C. C. P., specifically states that bills of exception and statements of fact must be filed within 90 days from the date of the notice of appeal. This court, in

Triggs v. State, No. 10082, opinion rendered April 28, 1926, and Bailey v. State, No. 10078, opinion rendered April 21, 1926, both cases yet unreported, held, in construing said article, supra, that statements of fact and bills of exception filed more than 90 days after notice of appeal was given were too late to be considered by this court. It necessarily follows that the contention of said attorneys for the state will have to be sustained.

With the bills of exception and statement of facts eliminated, and the other proceedings in the trial appearing regular, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### OPINION ON REHEARING.

BAKER, JUDGE.—The appellant insists that the statement of facts filed in this case, under the showing made on his motion for rehearing, should be considered by this court. After a careful examination of said motion, the affidavits attached thereto, and the certificate of the judge, we have decided that we should consider the statement of facts herein.

There is only one question which we deem necessary to consider on this motion for rehearing, and that is the failure of the court to charge the jury on the law of accomplices, in connection with the testimony of the state's witness, Herman Looney. This witness testified for the state to the effect that he was down on the creek fishing and saw the appellant, Charlie Wallace and Elzie Wallace making whiskey; and that when he started to leave them, Charlie Wallace said to him, "Hold up there, son; we have got the law on you. I tell you, you chunk that fire." The witness further testified, "Then I just kicked a little chunk up under the fire. I did that because I was afraid not to." Upon cross examination he testified, "I poured a bucket of water into that tub. I kicked up the fire." This testimony related to the fire that was cooking the whiskey and to pouring the water into the tub containing the coil, as we understand it. If the witness assisted voluntarily in making the whiskey, as above stated, he was clearly an accomplice and the court should have so instructed the jury. Wolff v. State, 104 Tex. Crim. Rep. 277, 283 S. W. 803. If the witness assisted in making the whiskey under duress or fear of Charlie Wallace, the court should have

instructed the jury that under such circumstances he was not an accomplice. The appellant excepted in a timely manner to the failure of the court to charge on this issue, and we are of the opinion that under the facts stated, the court erred in failing to charge the law as above indicated.

For the error above discussed, we are of the opinion that the appellant's motion for rehearing should be granted, the judgment of affirmance set aside, and the judgment of the trial court reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.