EARL CATE v. THE STATE.

No. 8767.   Delivered April 8, 1925.

Rehearing by State, denied May 20, 1925.

**1.—Possessing Intoxicating Liquor—Witness—Convicted of Felony—Appeal Pending.**

Where it is shown on a trial that a witness has been convicted of a felony, but has appealed his case, and such appeal is still pending, there being no final judgment against him, he is not disqualified as a witness. Following Hurley v. State, 35 Tex. C. R. 282 and other cases cited.

**2.—Same—Accomplice—Statute Construed—Acts 37th Legislature.**

Under Sec. 2c. Chap. 61 Acts of the 37th Legislature, one who manufactures the liquor found in the possession of the defendant, is not removed by said act from the general laws with reference to accomplice testimony, and the corroboration thereof, and the court erred in the instant case in failing to instruct the jury that the state witness McMillan was an accomplice, and that his testimony must be corroborated.

Appeal from the District Court of Collin County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction of possessing intoxicating liquor for purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Smith & Abernathy,* of McKinney, for appellant.

*H. Grady Chandler,* County Attorney, Collin County; *W. C. Dowdy,* Assistant County Attorney, Collin County; *Tom Garrard,*

State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Collin County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

Appellant objected to the testimony of one McMillan upon the ground that he had been convicted of various felonies in Wise County. It was shown that notice of appeal had been given in each case of conviction against said witness. The judgments had not become final. Until they did so become final, disqualification could not be sustained and urged for the reason named. Hurly v. State, 35 Texas Crim. Rep. 282; Flournoy v. State, 59 S. W. Rep. 902; Smith v. State, 203 S. W. Rep. 771.

Appellant insisted that McMillan was an accomplice and asked a special charge so stating, and also excepted to the main charge for not instructing the jury to such effect. McMillan testified for the State that he was appellant's hired man and dug the dugout where the whiskey in question was made, helped to make it and said that he had made ten gallons the day before the raid of the officers and that he turned it over to appellant and his son who told him that they were going to get $15.00 per gallon for it. If we understand the record, said witness made the very whiskey for the possession of which appellant was convicted. The State's contention is that by the terms of Sec. 2c, Chap. 61, Acts of the First and Second Called Session of the Thirty-seventh Legislature, this witness was removed from the ranks of accomplices. Said Sec. 2c is as follows:

"Upon a trial for a violation of any of the provisions of this Chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

Beyond doubt this does not in terms prevent one who manufactures liquor, when used as a witness against some other person charged with criminal connection with such liquor, from being held an accomplice. The law-makers exempted only the purchaser, transporter and the possessor from being accomplices. With their purpose or reason for so doing we have no concern, but this is as far as they have gone. The State asserts that one who has liquor in his possession is to be deemed only a possessor, even though he had illegally made the liquor so possessed. The possession of the quantity of liquor had in this case would make of its possessor prima facie a criminal. The statute removing him from the domain of an accomplice witness, when called on to testify against another accused of some crime growing out of the transportation, sale, etc. of such liquor,—is in nature of an exception engrafted upon our

law of accomplice testimony, by reason of the fact it per se takes those who would otherwise be accomplices under said law, out of such category and exempts them in the particular instance from the taint ordinarily resulting from their criminal connection with the subject-matter of the crime. Such statute must be strictly construed. It cannot be held to go the extent of freeing a witness who is tainted as an accomplice by reason of any other connection with the transaction or the subject-matter of the crime such as that it would make of him an accomplice but for the application of the terms of Sec. 2c, supra. When such witness illegally made the liquor, he violated the law. If thereafter he jointly sold, transported, possessed, furnished, etc. such liquor and be used by the State as a witness against other parties acting with him in such transaction, he would be an accomplice by virtue of his having manufactured such liquor, and in such case the law applicable to the necessity for the corroboration of accomplices should be given to the jury in the charge. Speculation as to the purpose of the legislature in not exempting the seller, the manufacturer, etc. of intoxicating liquor from the category of accomplices, would seem to benefit us little inasmuch as the lawmakers did not so exempt them. An accomplice is one who testifies in behalf of the State and who was under the law either a principal, accomplice or accessory to the crime then under investigation, whether his connection with it be by unlawful act or omission, transpiring either before, at the time of or after the commission of the offense, and whether he was present and participating in the particular crime charged would make no difference. This proposition is supported by numerous authorities cited by Mr. Branch in Sec. 702 of his Annotated P. C.

That the maker of whiskey who thereafter sells, transports, etc. same is comprehended by the above definition, appears to us too plain for argument. Having thus connected himself with the liquor by illegally making same, we do not think any application of the terms of Sec. 2c, supra, could be made to him when used as a witness against some one to whom he delivers the liquor or sells it for the purpose of being transported or possessed, etc. so as that he could be said to be not an accomplice. To so hold would be to extend the application of the rule laid down in Sec. 2c to persons not therein named, and to whom the exception could not be held to fairly apply.

It follows that in our opinion the learned trial judge erred in not giving the special charge asked and in not instructing the jury that McMillan was an accomplice. For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for a rehearing, urging that our holding that the principal State witness was an accomplice, was an incorrect interpretation of our liquor laws in that regard. It is insisted that even though one had criminally connected himself with the manufacture, etc., of liquor, that if he subsequently became connected with the same liquor as a transporter, etc., this would remove him from the domain of an accomplice when undertaking to testify to a state of case involving the subsequent transaction. We see no reason to change our conclusion an announced in the original opinion. The State witness in question manufactured the liquor. We cannot bring ourselves to conclude that if thereafter he jointly transported or possessed said liquor, and the State in an effort to convict the party or parties so jointly transporting or possessing such liquor with the manufacturer, should see fit to use the manufacturer of the liquor as a witness, that he should be removed from the domain of accomplice witnesses by the simple statement in the amended liquor law that the purchaser, transporter, etc., is not to be regarded as an accomplice.

The motion for rehearing will be overruled.

*Overruled.*