### J. H. PIPPEN V. THE STATE.

No. 9684.   Delivered December 25, 1925.

**Transporting Intoxicating Liquor—Accomplice Testimony—Uncorroborated —Insufficient.**

Where, on a trial for transportation of intoxicating liquor, the only witness in the case testified that another man made whiskey, and that he sold a quantity of it to appellant, who carried it away. This witness was an accomplice. A conviction resting solely upon the testimony of one or any number of accomplices, cannot be sustained. Following Cate v. State, 272 S. W. 210.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

*Crosby & Yates* of Greenville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Hunt County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

But one witness gave testimony. He swore that he and another man made whiskey and that he sold a quantity of it to appellant who transported it away from the place of purchase to some other place. This witness was an accomplice. Cate v. State, 272 S. W. Rep. 210. A conviction resting solely upon the testimony of one or any number of accomplices, cannot be sustained. The evidence being insufficient to support the judgment, a reversal is ordered.

*Reversed and remanded.*