## A. W. DEAN v. THE STATE.

### No. 9606.   Delivered January 13, 1926.

**1.—Possessing Intoxicating Liquor — Accomplice Testimony — Failure to Charge—Reversible Error.**

Where, on a trial for possession of intoxicating liquor, the State witness Brown testified that he came from Oklahoma to Texas with appellant in a car containing a keg of whiskey, aided him in hiding the keg, and afterward went to the hiding place, and delivered two gallons of the whiskey to two purchasers, such connection constituted appellant an accomplice, and the court committed reversible error in failing to so charge the jury.

**2.—Same—Accomplice—Statute Construed.**

All joint transporters, purchasers, and possessors of intoxicating liquors, who become witnesses in liquor cases, are relieved by Statute from the taint of being accomplices.   One who is a party to the delivery of whiskey is guilty of a felony.   Brown, sustaining such relation to the transaction, thereby became an accomplice, and the court should have so told the jury.   See Cate v. State, 272 S. W. 210; Miller v. State, 97 Tex. Crim. Rep. 937.

Appeal from the District Court of Wheeler County.   Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for possessing intoxicating liquor

for the purpose of sale, penalty three years in the penitentiary.
The opinion states the case.

*C. C. Small,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,*
Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was given three years in
the penitentiary, upon trial in the District Court of Wheeler
County for possessing intoxicating liquor for purposes of sale,
and appeals.

Brown was a State witness. He said he came with ap-
pellant in a car in which a keg of whiskey was transported
from some point in Oklahoma to Shamrock, Texas. That said
keg was then hidden; but later, at appellant's direction, he
went to where the keg was, poured out two gallons of whiskey
and delivered same to Trout and Denham. Trout swore that
he had made arrangements with appellant to get the whiskey.
The trial court refused to tell the jury that Brown was an
accomplice, or to submit the question to them as an issue
of fact for their decision. His charge was excepted to for
failing to do one or both of said things. The learned trial
judge was in error in this matter. Only transporters, pur-
chasers and possessors, who become witnesses in liquor cases,
are relieved from the taint of being accomplices, if having
guilty connection with the offense. The liquor Statutes pen-
alize him who delivers intoxicating liquor to others. Admit-
ting that Brown was not an accomplice by reason of his having
transported the keg of whiskey and that same was in the pos-
session of appellant at the point where hidden—still when
Brown poured out and delivered a quantity of said whiskey,
he thus was guilty of a crime in immediate relation to the
transaction which formed the basis of the charge against ap-
pellant. One who delivers intoxicating liquor in this State
is by Statute made a felon. Brown sustaining such relation
to the transaction thereby became an accomplice and the court
should so have told the jury. Cate v. State, 272 S. W. Rep.
210; Miller v. State, 97 Tex. Crim. Rep. 937; Dawson v. State,
97 Tex. Crim. Rep. 408. The failure to charge on accom-
plice testimony was called to the trial court's attention by
proper exception. For the refusal to charge that Brown was

an accomplice the case must be reversed. Howard v. State, 233 S. W. Rep. 847.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*