## JESSE L. CAMPBELL V. THE STATE.

No. 9573.  Delivered February 3, 1926.

**Transporting Intoxicating Liquor — Accomplice — Who Is — Statute Construed.**

By Art. 670 of our C. C. P. 1925, persons connected with the violation of our liquor laws are not accomplices who are involved in the transaction as purchasers, transporters and possessors of the intoxicating liquor. The Statute does not exempt *sellers* from the taint of being accomplices. Spencer, the only state witness in this case was confessedly the *seller* of the whiskey to the appellant, and his testimony being without that corroboration of an accomplice's testimony required by law, the conviction must be set aside. See Art. 718 C. C. P. 1925.

Appeal from the District Court of Potter County.  Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, the punishment being one year in the penitentiary.

W. V. Spencer was the only witness the state produced who testified to any criminative fact. Spencer had fifty-seven quarts of whiskey which he had secreted in a pasture near a school house. His testimony was substantially that he and appellant were on a trade whereby Spencer was to buy from appellant the latter's interest in a "taxi" business and that appellant had agreed to take the whiskey in question at a valuation of $500 as part payment on the business; that Spencer agreed to and did meet appellant at the school house, and from there they went to where the whiskey was hidden and it was loaded in appellant's car and he drove away with it. On this trans-

action the state relies to convict appellant for transporting the whiskey. We have searched the record in vain to find where any other witness in the slightest degree corroborated Spencer upon any material criminative fact.

Article 670 C. C. P. (1925 Revision) relieves from the taint of an accomplice only purchasers, transporters and possessors of intoxicating liquor. Spencer it is true was a "possessor" but from his own evidence he was a "seller" in the transaction with appellant, and therefore an accomplice witness under the general statute. (Art. 718, C. C. P., 1925 Revision, 801 Vernon's C. C. P.), which expressly forbids a conviction upon the testimony of an accomplice unless corroborated. There being no corroboration the law demands a reversal of the judgment and it is so ordered.

*Reversed and remanded.*