HENRY ADAMS V. THE STATE.

No. 10202.    Delivered October 20, 1926.

1.—Possessing Still, Etc.—Indictment—Motion to Quash—Properly Overruled.

Where an indictment contained two counts, and that count upon which conviction was had is sufficient, the motion to quash is properly overruled without regard to the sufficiency of the other count or counts contained. Following the language of the statute, the first count in the indictment was sufficient, and the motion to quash the indictment as a whole, was properly overruled.

2.—Same—Evidence—Opinion of Witness—Properly Admitted.

Where a witness had qualified that he was familiar with the tracks of a certain horse, which was similar to the tracks of the horse that drew the wagon containing the still to the place where it was found, there was no error in permitting this witness to testify that the tracks leading to the still were the same tracks that he saw this horse make a week later. Following Mueller v. State.

3.— Same — Charge of Court — On Accomplice Testimony — Improperly Refused.

Where, on a trial for possessing a still, etc., it was shown that two witnesses who testified for the state, were indicted for the same offense, it was error for the court to refuse to charge the jury that such witnesses were accomplices. See Arts. 666-667 and 670, P. C. Following Simms v. State, 98 Tex. Crim. Rep. 352, and numerous other cases cited in this opinion.

4.—Same—Charge of Court—On Issue Not Raised—Properly Refused.

Where an issue is not raised by the evidence in a case, it should not be submitted in the court's charge, and there being no evidence raising the issue, it was not error in this case for the court to refuse to charge the jury that if the appellant was not actually present at the alleged still to acquit him.

5.—Same—Charge of Court—Held Erroneous.

Where, on a trial for possession of a still, etc., the testimony showed

that appellant was in charge of the pasture in which the still, etc., was located, the charge of the court defining possession used the word "property," instead of limiting the charge to the possession of the still, etc., same was not sufficiently specific, in that it may have led the jury to believe that his possession of the pasture would authorize his conviction.

Appeal from the District Court of Rains County.    Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing a still, etc., for the purpose of manufacturing intoxicating liquor, penalty four years in the penitentiary.

The opinion states the case.

*McMahan, Dohoney & Dial* of Greenville, *O. H. Rhodes* of Emory, and *Jones & Jones* of Mineola, for appellant.    On accomplice testimony, appellant cites:

Article 81, Penal Code of 1925.

Manly v. State, 276 S. W. 695.

Cate v. State, 272 S. W. 210.

Art. 711, Code of Crim. Procedure, 1925.

Grissom v. State, 245 S. W. 438.

Jones v. State, 214 S. W. 322.

Chastain v. State, 260 S. W. 172.

Saye v. State, 99 S. W. 551.

Lowe v. State, 267 S. W. 270.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Rains County for unlawfully possessing a still, mash, material and equipment for manufacturing intoxicating liquor, and his punishment assessed at four years in the penitentiary.

The indictment in this case contains two counts.    In the first count the appellant is charged with possessing a still and equipment for manufacturing intoxicating liquor, and in the second count he is charged with the unlawful manufacture of intoxicating liquor.    It was the contention of the state that the appellant, John Sisk, Everett Lofton, Miles Malone and Bob Smart had the equipment and were manufacturing intoxicating liquors on a place under the control of the appellant, Henry Adams, at the time alleged in the indictment.    The appellant defended upon the ground of an alibi, and that he was not interested in said equipment and the manufacture of said intoxicating liquors, and knew nothing of the transaction alleged in the indictment.

We find thirty-five bills of exception in the record, but we deem it unnecessary to discuss the majority of said bills at this time for the reason that the matters complained of therein will not likely arise upon another trial. We will therefore content ourselves with discussing such bills and matters complained of as we think will likely be presented for the trial court to pass upon in the course of another trial.

In bill of exception No. 1 complaint is made to the refusal of the court to quash the indictment herein. The appellant having been convicted for possession of the still and equipment, as set out in the first count of the indictment, the second count passes out of the case. The charging part of the indictment in the first count is as follows: " * * * did then and there unlawfully possess certain still, mash, material, equipment and supplies for the manufacture of spirituous, vinous and malt liquors capable of producing intoxication." This count in the indictment follows the statute, and there was no error in the action of the court in overruling the motion to quash.

In bill No. 6 complaint is made to the action of the court in permitting the state's witness, Osborn, to testify that he was familiar with the track of a certain horse belonging to John Sisk which, the state contended, was hitched to a wagon and used in carrying the material and equipment to the place where the alleged whiskey was made; that about a week thereafter he examined the tracks of said horse again, and, after describing the peculiarities thereof, was then permitted to testify, over appellant's objection, that the tracks were made by the same horse. We think it was not error for the court to permit this witness to testify that the tracks which the witness trailed in going to the place of the alleged still site were the same tracks that he saw this horse make a week later. This was, in effect, the witness giving his opinion that the tracks were the same. Mueller v. State, 85 Tex. Crim. Rep. 346, 215 S. W. 93.

Counsel for appellant strenuously insists that the court erred in refusing to charge the jury that the witnesses, Smart and Malone, were accomplices and that the appellant could not be convicted upon the uncorroborated testimony of said witnesses, and that said witnesses could not corroborate each other. Timely objections were raised to the court's general charge for his failure to charge as above indicated, and special charges were duly presented, all of which were refused by the court and proper bills of exception reserved thereto. The record discloses that both of said witnesses, Smart and Malone, were indicted for the

same offense. The state introduced said witnesses, and the witness, Smart, testified that the witness, Malone, drove a wagon to a certain house belonging to John Sisk, and there a barrel of mash was placed in said wagon and a zinc tub placed over the top of same; that Malone drove the wagon, with the mash therein, to the place where the whiskey was alleged to have been made, and that he, Smart, held the tub over the top of the barrel while en route in order to prevent the mash from spilling out. This witness also testified as to the appellant, Sisk and Lofton preparing and fixing the equipment with which to manufacture the whiskey in question. He further testified to his filling up the "worm-barrel" with water and to his going up in the woods and keeping watch while the others were cooking off the whiskey, and as to the witness, Malone, together with Lofton, going after the still in the wagon and bringing it back to the scene of the alleged illegal operations. The witness, Malone, testified practically to the same effect as Smart and, in addition thereto, testified to his going from the alleged still back to the house of John Sisk and getting six fruit jars and carrying them to the still for the purpose of filling same with whiskey. We think this testimony unquestionably made the witnesses, Smart and Malone, accomplices and that the court erred in refusing to so charge the jury, and in refusing to charge the jury that one accomplice could not corroborate another. The record discloses that the court was under the impression that Art. 670 of the Penal Code exempted said witnesses from the law of accomplices, said article being to the effect that upon a trial for violation of the liquor laws, "the purchaser, transporter, or possessor * * * herein shall not be held, in law or in fact, to be accomplices where a witness in any such trial." This article clearly does not apply to the facts developed in this case and said witnesses came clearly within the law of principals under Arts. 665, 666 and 667 of the Penal Code, and when used as witnesses fell squarely under the law of accomplices. The attorneys for the state for this court have confessed error on this point, and we think, rightly so. Simms v. State, 98 Tex. Crim. Rep. 352, 265 S. W. 897; Cate v. State, 100 Tex. Crim. Rep. 611, 272 S. W. 210; Pippen v. State, 102 Tex. Crim. Rep. 381, 278 S. W. 205; Dean v. State, 102 Tex. Crim. Rep. 642, 279 S. W. 461; Campbell v. State, 103 Tex. Crim. Rep. 548, 280 S. W. 778; Wolff v. State, 283 S. W. 803.

Complaint is also urged to the court's charge in that it does not charge the jury that if the appellant was actually present at

the alleged still, but not aiding in the operations, to acquit him. We are of the opinion that the facts of this case do not raise this issue.

There is also criticism of the third paragraph of the court's charge, wherein the court charged the jury on the definition of possession, as follows: "By the word possession, as used in this charge, is meant that the person alleged to have been in possession shall have had actual care, control and management of the property at the time." Appellant contends that the word "property" used in said charge is misleading, in that the testimony shows that the appellant was in charge of the pasture where the whiskey was alleged to have been made, and the jury was probably misled by reason of the use of the said word "property" instead of limiting the charge to the still and equipment in question. In view of another trial of this case, we think the court should frame this portion of the charge so as to avoid the above criticism.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

.The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.