HARDY MOSELEY V. THE STATE.

No. 11521.   Delivered April 11, 1928.

**1.—Possessing Intoxicating Liquor—Accomplice Testimony—When Uncorroborated—Insufficient.**

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the only testimony introduced by the state was that of an accomplice, without corroboration, the testimony is insufficient to support a conviction.

**2.—Same — Charge of Court — On Accomplice Testimony — Erroneously Refused.**

Where, on a trial for possession of intoxicating liquor for the purpose of sale, state's witness testified that he and appellant were jointly employed by the Rays, father and son, to make whiskey for them, the failure of the court to charge on the law of accomplice testimony was error.

Appeal from the District Court of Callahan County.   Tried below before the Hon. M. S. Long, Judge.

Appeal from a conviction for the possession of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*J. Lee Cearley* and *Chastain & Judkins,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment three years in the penitentiary.

Officers found a still and thirty-five or forty gallons of whiskey in a pasture in Callahan County.   The only person found by them anywhere in the neighborhood of said still was a man named Whatley.   This man testifies for the state, and is the only witness who in anywise connects appellant with the whiskey so found.   He testifies that he had been at the still for a number of days and that he and appellant had made the whiskey in

question on the day before the officers found it.   As we understand this record it falls entirely and almost exactly in line with what we said in Cate v. State, 272 S. W. 210.   If Whatley manufactured such liquor in conjunction with appellant he would be an accomplice.   In fact, he was indicted, according to his testimony.   The indictment against appellant charged him in one count with the manufacture of intoxicating liquor, and in another count with its possession.   Whatley testified that he and appellant were jointly employed by the Rays, father and son, to make whiskey for them.   The charge of the court was excepted to for its failure to charge on the law of accomplice testimony.   We believe the court should so have charged the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*