## McNEILL v. STATE.

Court of Criminal Appeals of Texas. Oct. 3, 1928.

MORROW, P. J. The validity of the statute creating the Commission of Appeals to aid the Court of Criminal Appeals was upheld by the opinion of this court in Jackson v. State, 103 Tex. Cr. R. 318, 280 S. W. 202, and by the Supreme Court of the United States, as appears from the memorandum opinion in Id., 271 U. S. 661, 46 S. Ct. 474, 70 L. Ed. 1138.

The fact that the witness Chipman may have been a cotransporter with the appellant did not render it incumbent upon the court to charge on accomplice testimony, for the reason that by article 670, P. C. 1925, a cotransporter of intoxicating liquor is exempted from the operation of the accomplice witness statute. See Bailey v. State, 100 Tex. Cr. R. 110, 271 S. W. 627; Dean v. State, 102 Tex. Cr. R. 646, 279 S. W. 461; Currie v. State, 102 Tex. Cr. R. 653, 279 S. W. 834.

The application to file a second motion for rehearing is refused.

## ARNOLD v. STATE.  (No. 11784.)

Court of Criminal Appeals of Texas. Oct. 10, 1928.

Adams & McAlister, of Nacogdoches, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. In reference to appellant's application for leave to file second motion for rehearing, we observe that we find nothing in the application upon which could be predicated the proposition that we overlooked any point raised by the appellant either upon the original presentation or in asking for a rehearing. We observe that a bill of exceptions, which sets out merely that certain proceedings were objected to for the following reasons: Even though it then proceeds to name one or a hundred grounds of objection, stating such things as the grounds of objection, and even though such statements may be true—still, unless the truth of such statements be authenticated in the bill itself by some other way or means than the statement of them as objections, we cannot know such grounds of objection to be true, and cannot consider such a bill. The authorities appear unanimous in so holding. Such is the case here.

The application for leave to file second motion for rehearing will be denied.