Jobe Venn v. The State.

No. 12668.   Delivered November 20, 1929.

The opinion states the case.

*Briggs & Sanders* of Gilmer, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment one year in the penitentiary.

The State introduced Buster Horne who testified upon direct examination, in substance, that he went to appellant's place one night in September and got between a pint and a quart of whisky from appellant, for which he paid him two dollars.   On cross-examination this witness testified that on the night in question he was drunk and was arrested and put in jail and brought out, and while at the court house a statement was obtained from him.   He swore that independent of that statement he had no distinct recollection of what occurred out at appellant's residence, and remembered nothing, except that he got some liquor.   He said he had been drinking lots of things, extract, fluid extract of ginger, jake and some canned heat; that he had been drinking this character of stuff for a day or two; that he did not remember where he got this stuff; that he

did not remember what time they put him in jail; that he did not remember what occurred when he went down to appellant's house; that he did not remember a man coming to the door and telling him that appellant was over at Joe Spears. In other words, said witness practically destroyed the effect of his testimony relative to getting any liquor from appellant. Upon re-direct examination he was asked if he had bought whisky any other time from this defendant, and testified that some three months before the occasion just testified above he had bought a quart of whisky from this appellant. Later, the appellant's witnesses took the stand and testified that Buster Horne came out to appellant's house about the time laid in this indictment, that he was drunk and inquired for appellant, and they told him that appellant was not at home, but was over at Mr. Spears, and that said witness did not see appellant or get any whisky from him on said occasion.

Appellant's bill of exceptions No. 2 sets out at length the testimony of witness Horne relative to the purchase of whisky as testified to by said witness on his redirect examination above mentioned, and that all of said testimony was objected to because prejudicial to the rights of the defendant, immaterial and irrelevant to any issue in the case. The matter of proof of different offenses is discussed at some length in the case of Crosslin v. State, 90 Texas Crim. Rep. 467, and the rule seems to be there laid down that the applicable rule in cases such as the one before us is referable to appellant's right to require the State to make an election, which was not done in the instant case. It is plain that in its effort to make out its case the State might prove any act occurring within the period of limitation. . It is also true that when under any rule evidence of two offenses is admitted which are not connected and which can form the basis of separate prosecutions and convictions, the accused has the right to require the State at the proper time and in the proper manner to elect between transactions. He has the right to do this before he begins to introduce his proof so that he may know upon which transaction the State will elect to ask the jury to convict him. No request for an election was made in this case. Under the facts of this case we do not believe the action of the State in introducing testimony of the sale of liquor by appellant to prosecuting witness some three months prior to September, was an error for which this case should be reversed. Substantially the same complaint appears in bill of exceptions No. 3, save that same further sets out that appellant moved to exclude the testimony of

the sale made before September, which motion was refused. Bills of exception Nos. 1 and 4, do not seem to present matters calling for any discussion.

Bill of exceptions No. 5 complains of the refusal of a special charge asked instructing the jury that they could consider evidence of sales to Buster Horne, other than the one alleged to have been made in September, only as a circumstance to show that the September sale was made. We do not think the bill shows any error.

Bill of exceptions No. 6 is to the argument of prosecuting attorney, but as qualified shows no error. Bill of exceptions No. 7 was taken to the court's action limiting in his charge the effect of proof of the fact that the accused had been formerly indicted in the district court of Upshur county for violating the liquor law. We do not think the complaint well founded. The charge of the court on alibi, which was the affirmative defense of the appellant, seems to be in line with approved holdings. The jury were told that if they had a reasonable doubt as to whether appellant was present at the time and place of the alleged offense, they should find him not guilty.

Bill of exceptions No. 9 sets out the fact that appellant believed he was convicted for making the sale three months before September, and alleging that the jury had no right to so convict him, and asked the court to hear testimony. We think it not erroneous for the court to overrule the motion.

Finding no error in the record calling for a reversal, the judgment will be affirmed.

*Affirmed.*