TAT HADNOT v. THE STATE.

No. 13792. Delivered January 28, 1931.
Rehearng Denied March 4, 1931.

The opinion states the case.

*Adams & Hamilton,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Ivory Hadnot gave testimony for the State. While traveling in an automobile, the witness, Frank Hafford, and Tat Hadnot purchased a gallon of whisky from a stranger whom they met on the highway. After purchasing the whisky, the three put it in their car and carried it to the Dixie school house. From there the parties carried the whisky for some distance and hid it. It was not purchased for sale, but for the purpose of drinking. The witness said: "I saw the whisky hidden. I was interested in it and assisted in carrying it to a place to hide it. We finally drank it all. We hid it for our own use."

Hafford testified that he, Tat Hadnot and Ivory Hadnot, purchased a gallon of whisky and took it to their car; that they drank part of the whisky and afterwards took it in the car to another place, where they hid it.

It seems that the parties were all negro boys, and that the appellant had a good reputation as a peaceable, law-abiding citizen.

It is suggested that in assisting in hiding the whisky the State's witnesses so connected themselves with the criminal act as to characterize them as accomplice witnesses. We have been referred to the case of Campbell v. State, 103 Texas Crim. Rep., 97, 280 S. W., 778, in which the witness Spencer testified that he owned 57 quarts of whisky which were secreted in a pasture; that he purchasd from Campbell an interest in his business in exchange for the 57 quarts of whisky. The two (Campbell and Spencer) went to a school house where the whisky was hidden. It was loaded into Campbell's car and he drove away with it. The offense charged was the transportation of whisky. Spencer was not corroborated. Being the seller of the whisky, he was an accomplice witness.

In the present case, the offense charged is unlawfully transporting intoxicating liquor. The appellant was a participant in the transporting; so were the witnesses. The three joint owners of the whisky, in hiding it, committed no offense. That it was not for sale is shown by the State's evidence. We are therefore unable to escape the conclusion that Art. 670, P. C., declaring that the transporter is not an accomplice witness, operates upon the present facts so that the uncorroborated testimony of Ivory Hadnot and Frank Hafford was available to the State to convict the accused.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges again that his conviction cannot be sustained upon the ground that the State witnesses admitted that they went with appellant on the occasion in question, contributed to the purchase of the liquor alleged to have been transported, and then went back with appellant in his car over the highway. He insists that they thus became and were accomplices. We again call attention to the fact that by express provision of our statute purchasers and transporters of intoxicating liquor, while accomplices, may give testimony which will support a conviction for the offense of transporting such liquor. We have examined the case of Adams v. State, 105 Texas Crim. Rep., 175, 287 S. W., 499, cited by appellant in his motion, but observe that same was a case where the parties were charged with the possession of a still for the manufacture of intoxicating liquor, and that what we said in that case regarding certain witnesses as accomplices and their testimony can have no application here.

The motion for rehearing will be overruled.

*Overruled.*