FRANK RODDY v. THE STATE.

No. 14327.  Delivered June 10, 1931.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, five years in the penitentiary.

J. J. Howell, a witness for the state, testified that he lived four miles north and a mile west of Amarillo and that he was engaged in farming; that he knows a man by the name of Horace Wells and also knew the appellant, Frank Roddy. He testified that he was jointly indicted with the appellant in this case, but had never been tried on this indictment and never expected to be tried on it; that he had been told by the district attorney that he wouldn't be tried if he turned state's evidence against appellant and the said Wells. He stated that he was renting the premises where he was living at the time of the alleged transaction and that it was his home; that he had charge and control of the premises; that he made arrangements with Horace Wells to keep his premises for the use of storing, receiving and delivering intoxicating liquor; that he was to get $30 a month for storing this liquor out at his home; that this was the only connection that he had with the liquor; that he wasn't selling it to anybody but just permitting it to be stored on his premises and was keeping it there for the purpose of hiding it; that the officers found between twenty-five and thirty cases of half-gallon jars of whisky when they raided the premises; that they raided it about the 26th day of June; that about 195 gallons of whisky was brought to his premises on the evening of the 24th. He stated that the appellant came out and said he wanted some of that stuff; that he put it out in a little back room or back porch adjoining the house and that the appellant came there and put it in his car and drove away. He also testified that liquor had been carried away twice about a month apart; that at one time he buried about ten gallons of whisky in his field.

Appellant's bill of exception No. 10 complains of the action of the trial court in refusing to charge the jury that the state's witness, Nowell,

was an accomplice and that they could not convict the appellant upon his testimony alone. The bill shows that the appellant in due time objected to the charge of the court because of its failure to submit the law of acomplices to the jury and presented special charges to that effect, which were refused by the court.

We think the learned judge was in error in refusing to charge the jury in this particular and that the evidence introduced clearly raised the issue of accomplice testimony. Under article 687 of the Penal Code it is made unlawful for any person "to rent to another or keep or be in any way interested in keeping any premises, building, room, boat or place to be used for the purpose of storing, manufacturing, selling, transporting, receiving or delivering, or bartering or giving away intoxicating liquors in violation of this chapter," and providing a penalty therefor. Evidently the learned trial judge's refusal to so charge was based upon article 670, P. C., which reads as follows:

"Upon a trial for a violation of any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

In the case of Cate v. State, 100 Texas Crim. Rep., 613, 272 S. W., 210, in construing article 670, it was said:

"Such statute must be strictly construed. It cannot be held to go to the extent of freeing a witness who is tainted as an accomplice by reason of any other connection with the transaction or the subject-matter of the crime such as that it would make of him an accomplice but for the application of the terms of section 2c, supra (article 670)."

We believe that the evidence of the state's witness, J. J. Nowell, comes clearly under the provisions of article 687, P. C., supra, and falls within the law of accomplices under the decisions of this court. See Dawson v. State, 97 Texas Crim. Rep., 408, 261 S. W., 1050; Miller v. State, 97 Texas Crim. Rep., 637. Nowell's evidence shows that he rented the house to said Wells for the purpose of storing said whisky and that he received it and concealed part, if not all, of it, after knowing it was being unlawfully handled by others. This would clearly place him under article 687 applicable to accomplices and not under article 670 of the Penal Code, supra.

Appellant's bill of exception No. 8 shows that after all the evidence was in both for the state and for appellant, a written motion was made by appellant to require the state to elect upon which of two transactions it would rely for a conviction. This request was overruled. We think the court erred in such ruling. The evidence showed that part of the liquor was transported about the 24th day of June, 1930, and another portion about one month prior to the 24th day of June, about May 26, 1930. A conviction might have been predicated upon the transaction

on either occasion. By an unbroken line of authorities it has been held that where more than one felony has been proven by the state upon which a conviction might be predicated, accused is entitled to an election by the state ·when it is requested. See Larned v. State, 41 Texas Crim. Rep., 509, 55 S. W., 826; Batchelor v. State, 41 Texas Crim. Rep., 501, 55 S. W., 491; Crosslin v. State, 90 Texas Crim. Rep., 467, 235 S. W., 905; Smith v. State, 101 Texas Crim. Rep., 615, 276 S. W., 924; Venn v. State, 113 Texas Crim. Rep., 642, 21 S. W. (2d) 727.

For the errors discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.