TOM FLOWERS v. THE STATE.

No. 14337.  Delivered November 4, 1931.

The opinion states the case.

*Watson & Watson,* of Crosbyton, and *Jerome Sneed, Jr.,* and *Black & Graves,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There are a number of errors assigned in this record, but since we are of opinion that the case must be reversed for the lack of evidence to corroborate the accomplice Sandlin, we omit discussion of the other propositions advanced.

The state used Sandlin as its main witness.  Under all our authorities he was undoubtedly an accomplice witness.  Cate v. State, 100 Texas Crim. Rep., 611, 272 S. W., 210; Pippen v. State, 102 Texas Crim. Rep., 381, 278 S. W., 205; Moseley v. State, 109 Texas Crim. Rep., 454, 5 S. W. (2d) 145.  Sandlin admitted that he and appellant made the whisky, the transportation of which is the offense charged.  His testimony made out a complete case of transportation of a ten gallon keg of whisky, which he says he and appellant had made, and which he further testified appellant put in the car before they started from appellant's home to drive from Crosby county to a point in Cottle county where they were going.  Sandlin said that the keg of whisky was placed in a two seated Ford car between the seats by appellant, and that it was covered with some quilts.  Sandlin, appellant and one Crenshaw rode in the car on the trip mentioned.  Reliance is had upon the testimony of Crenshaw to furnish corroboration of Sandlin.  Condensing the testimony of Mr. Crenshaw, he said he was at appellant's home and in the house with appellant all the morning before they left for Cottle county; that Sandlin drove the car referred to up to the door of appellant's house and called or honked the horn and that he and appellant went out and got in the

car. Sandlin drove all the way to Cottle county; that witness saw quilts in the back of the car, but saw no whisky; that he smelled whisky while he was in the car; that on the next day after their arrival at their destination he saw a ten gallon keg of whisky. Other witnesses saw the whisky in Cottle county, but no one saw appellant take it out of the car, or do anything to or with same. The officers testified that they found a still on the ranch about a half mile from appellant's house. Appellant testified denying that the still was found on land under his control, denying knowledge of the presence of the whisky in the car referred to, or that he put or aided in putting any keg of whisky in said car, or that he knew of its presence therein. This is practically all the testimony which might afford any corroboration of the accomplice.

In the wisdom of our lawmakers they have seen fit to say, article 718, C. C. P., that a conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the offense charged, and further that the corroboration is not sufficient if it merely shows the commission of the offense. As we understand this, applied to the case before us, it means that a legal conviction cannot be had herein unless there be evidence other than that of Sandlin which not only shows that liquor was transported by some one in the car in question, but which evidence tends to identify and point out appellant as a participant in the transportation. Weldon v. State, 10 Texas App., 401; Simms v. State, 8 Texas App., 231; Crowell v. State, 24 Texas App., 404; Stovall v. State, 104 Texas Crim. Rep., 217.

Analyzing Mr. Crenshaw's testimony, the only corroboration furnished by same is that three men rode in the same car from Crosby to Cottle county, and that he smelled whisky in said car. He denied the story of Sandlin that appellant put the whisky in the car just before they left Crosby county, and denied seeing appellant have anything to do with it after they got to their destination. Sandlin does not claim that the presence of the whisky under the quilts in the car was referred to in conversation on the trip, or that same was partaken of by them while on their journey.

It appears to be the theory of the defense relative to the whisky in question that Sandlin made it, put it in the car, and took it to Cottle county to sell. It was testified to by Mr. Gibbs that Sandlin sold him whisky in Cottle county on said trip, and that Sandlin told witness that he had more in a keg. Crenshaw, a state witness, testified there was no whisky put in the car after Sandlin drove the car to the house of appellant in which he and appellant were and where he said they had been all the morning. Crenshaw testified that Sandlin drove the car all the way. It does not add to the strength of our opinion, but it was in testimony from a number of witnesses apparently disinterested, that the general reputation of appellant for being a peaceable, law-abiding citizen was good,

and there was also testimony that the general reputation of Sandlin was bad.

The state having failed to show by Mr. Crenshaw any fact which individuates or points to appellant as a participant in the conscious transportation of whisky, and there being no other evidence in the record which has force and effect for that purpose, we are compelled to conclude that the case must be reversed for the lack of corroboration of the accomplice.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*