## C. T. STOREY v. THE STATE.

No. 14574. Delivered December 9, 1931.

The opinion states the case.

*Carl Ratliff,* of Levelland, and *Vickers & Campbell,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year and one day.

State's witness, Arthur Clark, testified, in substance, as follows: The witness and appellant agreed to transport some whisky to a dance, it being understood that they were to sell the whisky for $2 a pint and divide the proceeds. Having obtained three gallons of whisky from appellant's home, the parties placed it in appellant's truck and drove to the dance. After reaching the dance, the witness Clark, pursuant to the agreement he had with appellant, took some of the whisky out of the truck and sold it. He and appellant divided the money he received from the whisky.

An officer testified, in substance, that he took up a position near the

truck immediately after appellant and the witness Clark had reached the dance; that he saw the parties in the truck on various occasions and heard something rattling; that he finally detected Clark in the act of taking a bottle of whisky from the truck, and arrested him; that a search of the truck disclosed a quart of whisky; that appellant denied at the time the truck was searched that the whisky belonged to him; that appellant was not present when he discovered the witness Clark taking whisky from the truck, and arrested him.

Testifying in his own behalf, appellant denied that the whisky found by the officer in the truck belonged to him. He testified that state's witnes Clark accompanied him to the dance in his truck; that if there was any liquor in the truck when they left home, he did not know it; that he went to the truck while the dance was in progress for the purpose of seeing whether a tire in the back of the truck had been disturbed; that he had no agreement with Clark to take whisky to the dance and sell it; and that he knew nothing about any whisky being present in the truck on the occasion in question. In short, appellant disclaimed any connection with Clark in transporting and selling the whisky.

Appellant excepted to the charge of the court for its failure to embrace an instruction to the effect that the witness Clark was an accomplice. The witness was an accomplice. Hence the court should have responded to the exception. If the only connection of the witness with the liquor had been that of a transporter he would not have been an accomplice witness. Article 670, Penal Code, provides that the purchaser, transporter or possessor of intoxicating liquor shall not be held in law or in fact to be an accomplice when a witness in the trial. One who sells intoxicating liquor is guilty of an offense. A seller of intoxicating liquor is not removed from the category of accomplices by article 670, Penal Code. The witness was an accomplice by virtue of his testimony that, pursuant to an agreement with appellant, he sold some of the liquor he and appellant had transported, and divided the proceeds with appellant. Cate v. State, 100 Texas Crim. Rep., 611, 272 S. W., 210; Dean v. State, 102 Texas Crim. Rep., 646, 279 S. W., 461; Moseley v. State, 109 Texas Crim. Rep., 454, 5 S. W. (2d) 145; Roddy v. State, 118 Texas Crim. Rep., 315, 40 S. W. (2d) 129.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.