# JUNE, 1925.

### JOE HOLMES v. THE STATE.

No. 9139.   Delivered June 10, 1925.

**Manslaughter—Statements of Accused—Under Arrest—Not Admissible.**

Where the state was permitted to prove statements made orally on two different occasions by appellant while he was under arrest, the error presented demands a reversal of the case. Following Buckner v. State, 52 Tex. Crim. Rep., and many cases cited in opinion.

Appeal from the District Court of Newton County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

*J. B. Forse,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney for, the State.

BAKER, JUDGE.—The appellant was charged by indictment with the murder of Alfred Grayson in the District Court of Newton County, convicted of manslaughter and his punishment assessed at five years confinement in the penitentiary.

Complaint is made by the appellant in bill No. 2 to the action of the court in permitting the State's witness Binson, a constable, to

testify to an alleged conversation between the defendant and one De Hart and his wife after they arrested the defendant, to the effect that "I heard defendant tell De Hart and his wife that he was going to tell that he had been over there two or three days looking after his stock, and he says I have already arranged for a ten thousand dollar bond, and he says I was expecting them." There was no contention that said statement was reduced to writing, or that the defendant was warned as required by law when said statement was made.

As bill of exception No. 3, raises a similar question, we can dispose of both together. In this bill it is shown that the defendant was placed in jail awaiting an examining trial; the state was permitted over the appellant's objection to introduce in evidence from the witness Hall whom the bill shows went with the father of defendant and a man by the name of Taylor, to the jail where the following conversation occurred, and the between the defendant and the defendant's father:

"I believe Joe said something about he was going to plead guilty and his father advised him not to do it I believe Joe said he was going to come out openly and say that he did it."

The objection being urged to this testimony that the defendant was under arrest and in jail and had not been warned as required by law and the statements had not been reduced to writing as required by law, all of which was overruled and the testimony was admitted.

We believe in both instances as set out in bills Nos. 2 and 3, the court was in error. Buckner v. State, 52 Tex. Crim. Rep. 271, 106 S. W. 363; Clark v. State, 84 Tex. Crim. Rep. 390, 207 S. W. 98; Bonatz v. State, 85 Tex. Crim. Rep. 292; 212 S W. 495; Dover v. State, 197 S. W. 192; McDaniel v. State, 46 Tex. Crim. Rep. 560; see same case 48 Tex. Crim. Rep. 342. The above authorities are in point, and cover the contention made by the appellant in the instant case, and clearly show that the testimony complained of was not admissible.

The record discloses no other errors.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.