## Frank J. Patella v. The State.

### No. 10875.   Delivered April 27, 1927.

**1.—Rape—Charge of Court—On Suspended Sentence—Shows No Error.**

Where, on a trial for rape by force, on the voir dire examination the court stated to the jury that the suspended sentence law did not apply in a rape case, but afterward changed his ruling, and correctly charged the jury on the suspended sentence law, no error is shown.

**2.—Same—Impeaching Witness—Specific Immoral Acts—Not Permitted.**

Where the state on a trial for rape was permitted to prove on her cross-examination that a woman witness, introduced by appellant, had, on the night of the purported rape, slept with a boy all night at a club house, after appellant and prosecutrix had left the club house, the admission of this proof was error. The credibility of a witness cannot be impeached by showing specific acts of unchastity, in the absence of a legal charge. See Hays v. State, 234 S. W. 499, on rehearing.

**3.—Same—Evidence—Statement of Accused—While Under Arrest—Not Admissible.**

Where appellant objected to testimony of a conversation between appellant and his attorney, heard by the witness, on the ground that same was a privileged communication and made while under arrest, while the conversation was not privileged, the objection should have been sustained because the defendant was under arrest at the time. See Art. 727, C. C. P.; Holmes v. State, 273 S. W. 849.

**4.—Same—Evidence—Of Appellant's Attorney—Improperly Admitted.**

It is universally the settled rule, as well as statutory, that communications between an attorney and his client, are privileged communications, and the court erred in permitting appellant's attorney to testify to communications made to him by appellant in his capacity as attorney. See Art. 713, C. C. P.

**5.—Same — General Reputation — Limiting Number of Witnesses — Proper Practice.**

Where there had been no attack made on the general reputation of the appellant, there was no error in the court's limiting the number of his character witnesses to five.

**6.—Same—Requested Charge—Defensive Issue—Improperly Refused.**

Where, on a trial for rape, the issue being presented in the evidence, it was error for the court to refuse appellant's requested charge on this defense, that prosecutrix consented to the act of intercourse, by her conduct, if not orally. See Branch's Ann. P. C., Secs. 1779 and 1780. Perez v. State, 50 Tex. Crim. Rep. 34.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for rape, penalty eight years in the penitentiary.

The opinion states the case.

*W. R. Parker* of Fort Worth, for appellant. On privileged communications, appellant cites: Turner et al. v. State, 241 S. W. 162; Holmes v. State, 273 S. W. 849.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of rape, and his punishment assessed at eight years in the penitentiary.

The appellant was charged with, and convicted of, rape by force upon one Eileen Keene on or about September 18, 1926. The record discloses that the prosecutrix was over the age of eighteen years at the time of the alleged offense. It was the contention of the state that the appellant, while returning with the prosecutrix about midnight from a dance or party at Lake Worth, had intercourse with her by force and without her consent. The appellant defended upon the ground, and so testified, that the act of intercourse was with the consent of the prosecutrix.

The record contains six bills of exception. In bill No. 1 complaint is made to the action of the court, while qualifying the venire, in stating to them that the appellant had made application for suspended sentence, but that the suspended sentence law did not apply in a case of this character. The court qualifies this bill by stating that he changed his ruling on this question before any of the jurors were interrogated and informed appellant's counsel they might interrogate the jurors on said issue if they liked. The appellant contends that the court erred in failing to instruct the jury that he was mistaken in his conclusion of law on this issue. This bill, as presented and qualified, shows no error. It appears from the record that the court charged the jury correctly on this issue, and the verdict returned being for more than five years, we think that the issue of suspended sentence is eliminated.

In bill of exception No. 2 it is shown that the District Attorney, after the appellant's witness, Helen Hewett, had testified in his favor, asked the witness if she and Miss Mildred Guthrie did not remain at the club house with a couple of boys practically all night after the prosecutrix and appellant had returned to the city of Fort Worth, which the witness denied at first. The District Attorney then asked her if she didn't testify before the grand jury to the effect that she and Mildred Guthrie slept all night with a couple of boys in beds at the club house, and remained there until 10 o'clock the next morning, which the

witness admitted after the District Attorney had asked her further if one of the grand jurors didn't state to her that the grand jury were not up there to listen to a lot of lies, and if she wanted to tell the truth they would listen to her. All of this testimony was objected to at the proper time because the appellant was not bound by the conduct of said girls in his absence, and because the girls were not on trial, and because appellant was not bound by what took place, or what was said, in the grand jury room, and because said testimony was incompetent and immaterial and had no connection with the case in question. It appears that the court admitted this testimony on the issue of the credibility of said witness. We think all of this testimony was improperly admitted. These were clearly hearsay acts and declarations of third parties in the absence of appellant, and involved matters with which he was in no way connected and over which he had no control. This court has often held also that it is not proper to impeach the credibility of a feminine witness by showing specific acts of unchastity where no legal charges have been filed against her. Hays v. State, 234 S. W. 898; Linder v. State, 250 S. W. 703; Walker v. State, 287 S. W. 499, on rehearing.

Bills 3 and 4 complain of the action of the court in permitting the state, over appellant's objection, to prove by the witness E. A. Pettigrew that he heard a conversation between appellant and his attorney, Mack Taylor, while appellant was under arrest and just after he had signed a statement in the District Attorney's office, in which his attorney asked appellant if he had signed a statement, to which appellant replied that he had told the truth about it; the attorney then stated that he (appellant) had about talked himself into the penitentiary, to which the appellant replied, "Well, I can't help it. I told the truth about it." When this testimony was offered, the appellant objected to same upon the ground that it was a privileged communication, and because he was under arrest when it was made. The last objection should have been sustained. This court has often held that a privileged communication made in the hearing of a third party can be testified to by said third party, but it has also been uniformly held by this court, since the acts of the legislature of 1907 were passed requiring confessions to be in writing, that a verbal statement made by a defendant under arrest is inadmissible against him unless fruits of the crime are discovered by reason of said statement, or unless same is res gestæ. See Art. 727, C. C. P.; Holmes v. State, 273 S. W. 849.

Bill No. 13 complains of the action of the court in permitting

the attorney, Mack Taylor, to testify over appellant's objection to the same conversation testified to by the state's witness, Pettigrew. The appellant objected to this testimony in due time for the reason that it was a privileged communication between attorney and client, and for the further reason that he was under arrest at the time. What we have said in discussing bills 3 and 4, relative to appellant being under arrest at the time, is applicable to the last objection urged in this bill. However, regardless of whether or not appellant was under arrest at the time, this testimony was inadmissible when elicited from his counsel. Art. 713, C. C. P., expressly provides that an attorney may not testify to any facts communicated to him by his client during the existence of that relationship, or that came to his knowledge as such attorney by reason of such relationship. The admission of this testimony was clearly erroneous for both of the reasons above stated.

Bill No. 5 complains of the action of the court in limiting appellant's character witnesses to the number. of five. The court qualifies this bill by stating that there was no attack made upon the reputation of the appellant, and this issue was not contested. This bill, as qualified, shows no error.

The appellant also complains of the refusal of the court to instruct the jury in his general charge that the prosecutrix would have to use all reasonable force within her power to resist the appellant in his attempt to have intercourse with her, taking into consideration the relative strength of the parties and the circumstances surrounding her at the time; and also of the failure and refusal of the court to charge sufficiently on appellant's defense, which was to the effect that the prosecutrix consented to the act of intercourse by her conduct, if not orally. We think this criticism is not without merit. These issues were clearly raised by the testimony, and the court erred in not giving a proper charge thereon. Branch's Ann. P. C., Secs. 1779 and 1780, citing Perez v. State, 50 Tex. Crim. Rep. 34, 94 S. W. 1036, and many other authorities.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.