PATELLA v. STATE.    (No. 10875.)

Court of Criminal Appeals of Texas. April 27, 1927.

1. **Criminal law** ⊜⟹655(4)—Court's statement while qualifying venire, that suspended sentence law did not apply, held not error, where court changed ruling and granted defendant permission to interrogate jurors on issue, and verdict was for over 5 years.

Court's statement, while qualifying venire, in rape prosecution, that accused had made application for suspended sentence but that suspended sentence law did not apply to case, held not error, where court changed ruling before jurors were interrogated and permitted accused's counsel to interrogate jurors on issue if they desired, and verdict returned was for more than 5 years' imprisonment.

2. **Criminal law** ⊜⟹417(2), 419, 420(10)—Evidence of specific acts of unchastity of accused's feminine witness, on cross-examination, held incompetent as hearsay acts and declarations of third persons in accused's absence.

In rape prosecution, evidence that accused's feminine witness had remained at clubhouse with boy during night in question, which witness admitted after district attorney asked her if grand juror had not stated that if she wanted to tell truth grand jury would listen to her, held incompetent as hearsay acts and declarations of third persons in accused's absence and over which accused had no control.

3. **Witnesses** ⊜⟹344(2)—Credibility of feminine witness cannot be impeached by showing specific acts of unchastity, where no charges are filed.

It is not proper to impeach credibility of feminine witness by showing specific acts of unchastity, where no legal charges have been filed against her.

4. **Criminal law** ⊜⟹519(3)—Verbal statement to attorney by defendant under arrest made in witness' hearing, held improperly admitted (Code Cr. Proc. 1925, art. 727).

Statement by defendant accused of rape to his attorney while under arrest, made in witness' hearing, held improperly admitted, since, under Code Cr. Proc. 1925, art. 727, verbal statements of accused under arrest are inadmissible against him unless fruits of crime are discovered by reason of statement, or unless same is res gestæ.

5. **Witnesses** ⊜⟹206—Attorney's testimony as to accused's statements to him while under arrest, in hearing of another witness, held inadmissible as privileged (Code Cr. Proc. 1925, arts. 713, 727).

Attorney's testimony as to statements accused made to him as attorney while accused was under arrest, in hearing of another witness, held inadmissible, under Code Cr. Proc. 1925, art. 713, as a privileged communication.

6. **Criminal law** ⊜⟹676—Court's limiting accused's character witnesses to 5, in rape prosecution, held not error where there was no attack upon accused's reputation.

In rape prosecution, court's action in limiting number of accused's character witnesses to 5 held not error where no attack was made on accused's reputation and this issue was not contested.

7. **Rape** ⊜⟹59(16)—Refusal to instruct that prosecutrix must use all reasonable force within her power to resist intercourse held error.

Refusal of instruction, in rape prosecution, that prosecutrix would have to use all reasonable force within her power to resist accused in attempt to have intercourse, taking into consideration relative strength of parties and circumstances, held error where testimony raised issue.

8. **Rape** ⊜⟹59(16)—Refusal to charge sufficiently on accused's defense that prosecutrix consented to intercourse by conduct held error.

In rape prosecution, refusal to charge sufficiently on accused's defense that prosecutrix consented to act of intercourse by her conduct, if not orally, held error where testimony raised issue.

Commissioners' Decision.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

Frank J. Patella was convicted of rape, and he appeals. Reversed and remanded.

W. R. Parker, of Fort Worth, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

BAKER, J. The appellant was convicted of rape and his punishment assessed at 8 years in the penitentiary.

The appellant was charged with, and convicted of, rape by force upon one Eileen Keene, on or about September 18, 1926. The record discloses that the prosecutrix was over the age of 18 years at the time of the alleged offense. It was the contention of the state that the appellant, while returning with the

prosecutrix about midnight from a dance or party at Lake Worth, had intercourse with her by force and without her consent. The appellant defended upon the ground, and so testified, that the act of intercourse was with the consent of the prosecutrix.

[1] The record contains 6 bills of exception. In bill No. 1 complaint is made to the action of the court, while qualifying the venire, in stating to them that the appellant had made application for suspended sentence, but that the suspended sentence law did not apply in a case of this character. The court qualifies this bill by stating that he changed his ruling on this question before any of the jurors were interrogated and informed appellant's counsel they might interrogate the jurors on said issue if they liked. The appellant contends that the court erred in failing to instruct the jury that he was mistaken in his conclusion of law on this issue. This bill, as presented and qualified, shows no error. It appears from the record that the court charged the jury correctly on this issue, and, the verdict returned being for more than 5 years, we think that the issue of suspended sentence is eliminated.

[2, 3] In bill of exception No. 2 it is shown that the district attorney, after the appellant's witness Helen Hewett had testified in his favor, asked the witness if she and Miss Mildred Guthrie did not remain at the clubhouse with a couple of boys practically all night after the prosecutrix and appellant had returned to the city of Fort Worth, which the witness denied at first. The district attorney then asked her if she did not testify before the grand jury to the effect that she and Mildred Guthrie slept all night with a couple of boys in beds at the clubhouse, and remained there until 10 o'clock the next morning, which the witness admitted after the district attorney had asked her further if one of the grand jurors did not state to her that the grand jury were not up there to listen to a lot of lies, and if she wanted to tell the truth they would listen to her. All of this testimony was objected to at the proper time because the appellant was not bound by the conduct of said girls in his absence, and because the girls were not on trial, and because appellant was not bound by what took place, or what was said, in the grand jury room, and because said testimony was incompetent and immaterial and had no connection with the case in question. It appears that the court admitted this testimony on the issue of the credibility of said witness. We think all of this testimony was improperly admitted. These were clearly hearsay acts and declarations of third parties in the absence of appellant, and involved matters with which he was in no way connected and over which he had no control. This court has often held, also, that it is not proper to impeach the credibility of a feminine witness by showing specific acts of

unchastity where no legal charges have been filed against her. Hays v. State, 90 Tex. Cr. R. 355, 234 S. W. 898; Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703; Walker v. State, 105 Tex. Cr. R. 141, 287 S. W. 499, on rehearing.

[4] Bills 3 and 4 complain of the action of the court in permitting the state, over appellant's objection, to prove by the witness E. A. Pettigrew that he heard a conversation between appellant and his attorney, Mack Taylor, while appellant was under arrest and just after he had signed a statement in the district attorney's office, in which his attorney asked appellant if he had signed a statement, to which appellant replied that he had told the truth about it; the attorney then stated that he (appellant) had about talked himself into the penitentiary, to which the appellant replied, "Well, I can't help it. I told the truth about it." When this testimony was offered, the appellant objected to same upon the ground that it was a privileged communication, and because he was under arrest when it was made. The last objection should have been sustained. This court has often held that a privileged communication, made in the hearing of a third party, can be testified to by said third party, but it has also been uniformly held by this court, since the acts of the Legislature of 1907 were passed requiring confessions to be in writing, that a verbal statement made by a defendant under arrest is inadmissible against him unless fruits of the crime are discovered by reason of said statement, or unless same is res gestæ. See art. 727, C. C. P.; Holmes v. State, 100 Tex. Cr. R. 635, 273 S. W. 849.

[5] Bill No. 13 complains of the action of the court in permitting the attorney, Mack Taylor, to testify over appellant's objection to the same conversation testified to by the state's witness Pettigrew. The appellant objected to this testimony in due time for the reason that it was a privileged communication between attorney and client, and for the further reason that he was under arrest at the time. What we have said in discussing bills 3 and 4, relative to appellant being under arrest at the time, is applicable to the last objection urged in this bill. However, regardless of whether or not appellant was under arrest at the time, this testimony was inadmissible when elicited from his counsel. Article 713, C. C. P., expressly provides that an attorney may not testify to any facts communicated to him by his client during the existence of that relationship, or that came to his knowledge as such attorney by reason of such relationship. The admission of this testimony was clearly erroneous for both of the reasons above stated.

[6] Bill No. 5 complains of the action of the court in limiting appellant's character witnesses to the number of 5. The court qualifies this bill by stating that there was no attack made upon the reputation of the

appellant, and this issue was not contested. This bill, as qualified, shows no error.

[7, 8] The appellant also complains of the refusal of the court to instruct the jury in his general charge that the prosecutrix would have to use all reasonable force within her power to resist the appellant in his attempt to have intercourse with her, taking into consideration the relative strength of the parties and the circumstances surrounding her at the time, and, also, of the failure and refusal of the court to charge sufficiently on appellant's defense, which was to the effect that the prosecutrix consented to the act of intercourse by her conduct, if not orally. We think this criticism is not without merit. These issues were clearly raised by the testimony, and the court erred in not giving a proper charge thereon. Branch's Ann. P. C. §§ 1779, 1780, citing Perez v. State, 50 Tex. Cr. R. 34, 94 S. W. 1036, and many other authorities.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.