CLARK WOODSON v. THE STATE.

No. 11936. Delivered January 16, 1929.

The opinion states the case.

*Earle Adams, Jr.,* of Houston, *Jno. A. Underwood* of West Columbia and *Rucks & Enlow* of Angleton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State's testimony is in substance as follows: Clark Woodson borrowed an automobile, and while riding together with Irvin Epps and Bob Donnerly the car was stopped by officers. Upon searching, the officers found in the car a gallon of whisky. Epps and Donnerly were arrested at the time. The appellant fled but voluntarily surrendered the next day. The State used Epps as a witness, and in his testimony he claimed that while driving around in the car, they met another automobile. The two cars stopped after passing each other. The appellant went back, got the whisky and put it in the car which he had borrowed and in which the three were riding.

The appellant testified that he borrowed the car but that at the solicitation of Epps and Donnerly, he started to a gathering; that on the way they stopped at a place called Sandy Point, where the party remained for a short time. Epps separated from the others and upon his return reported that the gathering would not take place on

account of wet weather. On their way back to town Epps invited the party to take a drink and said that he had some whisky in the back of the car. The appellant claimed that he declined to drink and had no knowledge before that time that there was whisky in the car; that he had nothing to do with it. Soon thereafter while they were near a railroad track somebody "hollered," "Hold up!" and commenced shooting; that the appellant became frightened and fled.

The State introduced the testimony of the witness Epps to the effect that after the three were arrested and while in jail the appellant said that Donnerly helped pay for the whisky and that Donnerly replied that he did not help pay for it but that the appellant paid for it himself. Appropriate objection was made to the testimony. The declaration of Epps was hearsay and that of the appellant was not provable against him because he was under arrest. The objection should have been sustained. Each of the declarations was hurtful to the appellant and tended to contradict his defensive theory. This testimony appears to have been introduced to impeach the appellant. Art. 727, C. C. P., forbids the receipt in evidence of the declarations of the accused while in custody unless they come within the terms of the statute mentioned. The fact that the declarations were introduced for the purpose of impeaching the accused does not exempt them from the inhibition contained in the confession statute. This has been specifically held in many cases. See Hernan v. State, 42 Tex. Crim. Rep. 464; Dover v. State, 81 Tex. Crim. Rep. 545; Holmes v. State, 273 S. W. Rep. 849, and many precedents therein collated. See also Morales v. State, 36 Tex. Crim. Rep. 234, and Brent v. State, 89 Tex. Crim. Rep. 544, and other precedents cited in the case last mentioned.

Appellant objected to the testimony of the officers who searched the car and found that it contained whisky, basing his objection upon the ground that the officers, according to their testimony, had information in advance of the arrest and sufficient time to procure a search warrant; that having failed to procure it, the arrest and search were illegal although there was "probable cause" as that term is defined in the decisions of this court in Odenthal v. State, 290 S. W. Rep. 743; Battle v. State, 290 S. W. Rep. 762, and of the Supreme Court of the United States in Carroll v. United States, 267 U. S. 132, 69 L. Ed. 543, 39 A. L. R. 790. Under the facts proved the contention is deemed untenable.

For the reason stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*