## O. B. Jackson v. The State.

No. 12830.   Delivered December 18, 1929.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 273.

The opinion states the case.

*Lee P. Pierson* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

Officers came upon the car of appellant parked in front of a cafe in the town of Amarillo.   Appellant and a companion were at the time eating breakfast in the cafe.   A search of the car revealed the presence therein of six half-gallon jars of whiskey in a box covered

over by a wagon sheet. Appellant and his companion, J. O. Hefner, were arrested. It was shown that appellant owned the car and drove it up to the cafe and furnished keys to it when it was driven away. A waitress in the cafe testified that appellant had just before the search offered her a drink of whiskey and when she asked him during the search of the car if the officers would find any whiskey therein, she "thought" he nodded in the affirmative. Hefner testified for the appellant that he had been sent out the day previous west of town to look after a bunch of cattle for appellant and had driven this car; that returning a man had handed him this box covered over and asked him to leave it at a certain hotel at Amarillo; that he brought it in as a matter of accommodation, not knowing what it contained, and that arriving at Amarillo, he picked appellant up and together they came to the cafe to eat without having delivered the box.

It is vigorously insisted that the existence of probable cause justifying the search of the automobile by the officers was not shown. It would be a sufficient disposition of this question to say that appellant's bills presenting the matter are insufficient because the result of the search which showed the presence of the whiskey and which was the specific testimony objected to is not set out in these bills. This was indispensably necessary to entitle them to consideration. Burke v. State, 25 Tex. Crim. App. 172; Williams v. State, 148 S. W. 768; Branch's P. C., Sec. 210. However, we are of the opinion that the existence of probable cause was shown. Upon a trip to Vega some weeks previous to this officers had been informed that appellant had a still near there and was hauling whiskey to Amarillo. A description of his car was taken, including its number. Officers testified that they had been informed some five or six times that appellant was bringing whiskey to Amarillo and particularly that he intended to bring it in for the Cattlemen's Convention, which was at the time of the search about to meet. Officers observed a bulky object in the car with a wagon sheet over it prior to the search and opening the door, they detected the odor of whiskey. This was in our opinion sufficient to show probable cause. Peoples v. State, 296 S. W. 536; Plant et al. v. State, 292 S. W. 550; Silver v. State, 8 S. W. (2d) 144; McNeal v. State, 17 S. W. (2d) 1050; Battle v. State, 105 Tex. Crim. Rep. 568; Rochelle v. State, 107 Tex. Crim. Rep. 79; Mims v. State, 108 Tex. Crim. Rep. 313.

Motion for new trial was filed setting up misconduct of the jury and two ex parte affidavits relating to such matter were thereto attached. The Court's judgment overruling the motion for new trial recites that evidence was heard on the motion and specifically finds that the allegations of misconduct of the jury were not supported by the evidence. Appellant has not seen fit to bring up in the record the evidence heard by the Court. Under such circumstances this Court will presume that the finding of fact made by the trial court was correct. Dowd v. State, 55 Tex. Crim. Rep. 367; Dougherty v. State, 59 Tex. Crim. Rep. 464; Branch's P. C., Sec. 572.

The indictment alleges in substance that O. B. Jackson and J. O. Hefner did then and there unlawfully possess and have in "his possession for the purpose of sale," etc. It is appellant's claim that the use of the singular pronoun "his," there being two defendants, rendered this indictment insufficient. By the terms of Art. 21, P. C., the use of the singular number includes the plural and the plural the singular. While there might exist cases where the use of the singular pronoun instead of the plural would mislead the defendant and render the indictment insufficient, we do not think it could be so in this case. See Snow v. State, 6 Tex. Crim. App. 284.

Other errors assigned are believed to be without merit, and their importance do not seem to justify discussion.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The bills of exception show that the result of the search of the automobile was revealed by the testimony of the officers. In expressing the contrary view in the original opinion we were mistaken. In reading the record, however, we are confirmed in the view that in admitting the testimony mentioned the trial court was not in error. In our opinion, the bills show that in making the search the officers acted upon probable cause.

The alleged fault in the indictment is deemed within the purview of Art. 21, P. C., 1925, which reads as follows:

"The use of the singular number includes the plural and the plural the singular."

If we comprehend the interpretation of the statute in the case of Utsler v. State, 195 S. W. 855, to which we have been referred, it is against the appellant's contention. There the "injured party" was held to include four children whom it was charged the accused had abandoned.

The statute with reference to evidence heard upon the motion for new trial was considered in the case of Doughtery v. State, 59 Tex. Cr. R. 469, in which it was said in substance that where there was no showing that oral testimony was heard upon the motion for new trial and there was no certificate of the trial judge and that the affidavits attached to the motion were the only evidence in the matter, the judgment of the court overruling the motion would not be disturbed. In the revision of the statute there has been no substantial change in the verbiage, and in numerous instances this court has followed that case holding that where, as in the present instance, there were affidavits attached to the motion for new trial and the judgment overruling the motion for new trial recites that evidence was heard, in the absence of the facts before the court, the presumption in favor of the court's ruling in overruling the motion for new trial is conclusive on appeal. Among the recent cases upon the subject is Crouchett v. State, 271 S. W. 99. Numerous later cases reaffirming the doctrine are collated in Shepard's Southwestern Citations, November, 1928, page 483.

The correct disposition of the appeal having been made in the original opinion, the motion for rehearing is overruled.

*Overruled.*