L. B. JENKINS v. THE STATE.

No. 13438. Delivered October 8, 1930.
Rehearing denied November 26, 1930.
Reported in 32 S. W. (2d) 848.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Appellant parked his car in a public garage in the town of Abilene, taking a ticket therefor. Thereafter a negro employe in said garage told officers that "there is a load of whiskey there. A man gave him a pint and he said he had eleven more pints. * * * he pointed out this man to me when he came in." About three hours thereafter the officers without a search warrant looked into this car and breaking open a trunk therein, found twenty-two pints of whiskey. When appellant came in and called for his car, he was arrested by the officers. The negro did not appear and testify, nor did the officers remember his name. The appellant admitted the ownership of the car. It further appears that appellant lived at Snyder in Scurry County, some distance away from Abilene.

The admissibility of the evidence touching the result of the search of the car is the question presented for review.

It is argued that the searching officers had time and opportunity to procure a search warrant prior to the search and for this reason the search in question was illegal. It has been decided that this naked fact alone does not render the search of an automobile illegal. Woodson v. State, 13 S. W. (2nd) 102.

It is very convincingly argued that the automobile in question not being upon a public highway but stored in a garage was protected from the search in question. There are facts which might exist that would enable appellant to invoke his constitutional guarantee against an unreasonable search of his automobile and the question here presented is whether or not the facts of the instant case bring him within the protecting clause of the well known constitutional guarantees against unreasonable searches and seizures.

We have concluded that the better reasoning under the particular facts of this case supports the view that the search in question was a valid one. Here we have an owner with his automobile coming from another county and engaged in the transportation of contraband goods subject to seizure and forfeiture. His automobile containing such goods was driven from a public highway into a public garage and parked under circumstances which would enable him to quickly proceed upon his journey and defeat the service of a search warrant upon him. He was at the time of the search in question actually engaged in the commission of a felony. The controlling case on the point of the right to search moving vehicles without a search warrant is that of Carroll v. U. S., 69 Law. Ed. 543, 39 A. L. R. 798, and from the reasoning of this case we quote:

"In none of the cases cited is there any ruling as to the validity under the 4th Amendment of a seizure without a warrant of contraband goods in the course of transportation, and subject to forfeiture or destruction.

On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. * * * Thus, contemporaneously with the adoption of the 4th Amendment, we find in the first Congress, and in the following second and fourth Congresses, a difference made as to the necessity for a search warrant between goods subject to forfeiture, when concealed in a dwelling house or similar place, and like goods in course of transportation and concealed in a movable vessel, where they readily could be put out of reach of a search warrant. Compare Hester v. United States, 265 U. S. 57, 68 L. ed. 898, 44 Sup. Ct. Rep. 445. * * * We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the 4th Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant because the vehicles can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

It seems to us that the reasoning which supports the conclusion justifying the search in the Carroll case would likewise apply here. It is inferable from the facts of this case that appellant could have as quickly left the jurisdiction of the courts of Taylor County, though parked in a public garage as if he had been parked by the roadside. The character of appellant's vehicle together with the other circumstances of the case were such as to enable him, if he chose, to make the issuance of a search warrant in this particular case futile and useless and in its last analysis this is one of the controlling reasons behind the conclusion reached in the Carroll case, supra.

It is finally argued that no probable cause is shown for the search in question. Where the facts are uncontroverted the existence of probable cause is a judicial question. The fact that the informant was not used as a witness in the trial and not shown to be a credible person would not alone justify the rejection by the trial court of the evidence offered to show probable cause. These matters affected the weight to be given the testimony of the officers rather than its legal effect. The facts which form the basis of probable cause are as variant as the numerous cases which come up for adjudication and the following cases, while not exactly like those of the instant case, fully support our conclusion that probable cause was shown to exist in this case for the search and that the evidence was therefore properly admitted. Jackson v. State, 26 S. W. (2nd) 273; Bullock v. State, 16 S. W. (2nd) 1078, where numerous authorities are collated; McPherson v. State, 15 S. W. (2nd) 633; Carroll v. U. S., supra.

It will be understood that the unlawful entry, if any, of the above mentioned garage by the officers is a question which may not be raised by appellant. Cornelius on Search and Seizure, Sec. 12.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges again that the testimony that whisky was found in his car was wrongfully received

because the officers searched without a warrant when they had time to have secured one. The point is decided against appellant in Woodson v. State, 13 S. W. (2d) 102. In Sec. 66, Cornelius on Search and Seizure, 2d Ed., it is stated that the right to search a standing automobile is controlled by the same general principles of law which apply to the search of other places. We quote the following: "The officer must have probable cause to believe the law is being violated before he may search such car." In this case the officer had the positive testimony of a man working in the garage where the car was stored, that appellant gave him a pint of whisky and had more in said car. This furnished probable cause. Salinas v. State, 18 S. W. (2d) 663; Singleton v. State, 20 S. W. (2d) 782; Graves v. State, 20 S. W. (2d) 769; McPherson v. State, 108 Texas Crim. Rep. 265.

Under all the authorities the decision of the magistrate upon facts stated to him in an affidavit for search warrant, can not be attacked by showing that the parties stated falsely. It is also the rule that facts taken as sufficient to amount to probable cause by a searching officer, the sufficiency of which has been approved in the judgment of the trial court to whose judicial determination such sufficiency has been submitted, would have much weight with this court.

We are not able to agree with any of the contentions of appellant, and the motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.