E. J. WHITE v. THE STATE.

No. 13889. Delivered February 25, 1931.

The opinion states the case.

*Baker & Parish,* of Ballinger, and *Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of seed cotton of the value of $35; the punishment, a fine of $50 and thirty days confinement in jail.

J. G. Holloway lost approximately $35 worth of seed cotton out of his wagon. An accomplice witness testified to going with appellant to the wagon and stealing the seed cotton. The State offered in evidence appellant's written confession, wherein he admitted his guilt. Testifying in his own behalf, appellant denied any participation in the theft of the seed cotton and declared that the officers induced him to make the confssion. He testifid that the officers took him to the sheriff's office where they told him that they knew he was guilty of stealing the seed cotton; that he denied his guilt; that the officers told him that they had two boys in jail who had made statements that they had helped him (appellant) steal the cotton, and that they also had other eye-witnesss to prove it; that he again told them that he had nothing to do with the transaction; that the officers then told him that he also had a charge against him of transporting intoxicating liquor, which they would dismiss if he would pay a fifty-dollar fine for theft of the seed cotton; that they stated to him that it was a penitentiary offense to steal any amount of seed cotton, but that if he would plead guilty they would let him out with a fine; that he finally told the officers that he was not guilty, but that he would rather pay a $50 fine than have a felony charge against him; that he then made the confession. The officers denied the matters testified to by appellant.

Appellant objected to the charge of the court for its failure to submit to the jury an instruction that if they had a reasonable doubt as to whether the confession was freely and voluntarily made, to disregard it. A written requested instruction covering the issue was submitted to the court. The State's attorney before this court expresses the opinion that the trial court fell into error in declining to submit the issue. We are constrained to hold that the issue was raised. The charge should have been given. Branch Annotated Penal Code, Section 75; Sparks v. State, 34 Texas

Crim. Rep., 88, 29 S. W., 264; Paris v. State, 35 Texas Crim Rep., 93, 31 S. W., 855; Blocker v. State, 61 Texas Crim. Rep., 413, 135 S. W., 130.

Over proper objection, the court permitted the State to prove by its witness Tubberville that appellant stated to him after they had been placed in jail that he had told the officers everything about taking the cotton except where it had been placed. The State also proved by the sheriff's wife, over appellant's objection, that she heard appellant and Tubberville talking about the cotton while they were under arrest and in jail, and that appellant stated that he had told the officers everything about taking the cotton except the place where it had been hidden. Under the terms of Article 727, C. C. P., the objection was well taken. Holmes v. State, 100 Texas Crim. Rep., 635, 273 S. W., 849; Patella v. State, 106 Texas Crim. Rep., 652, 294 S. W., 571.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.