# Bill Stiles v. The State.

No. 20674.  Delivered February 7, 1940.
Rehearing Denied June 12, 1940.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is embezzlement; the punishment, confinement in the penitentiary for two years.

Appellant was an employee of the Farmers Gin Company of Santa Anna, Texas, a corporation. On the 22nd of September, 1937, by virtue of his employment, appellant received $92.73 belonging to said incorporated company. According to the testimony of the State, appellant embezzled said money and appropriated it to his own use and benefit. Testifying in his own behalf, appellant admitted that he had taken the amount of money alleged in the indictment, but declared that W. E. Wallace, the manager of the gin company, had authorized him to check on the account of said company. Appellant testified, in part, as follows: "Mr. Wallace said if I needed some money —it was along in August and almost time to start working at the gin, and he said that I could use some of the gin money, and to check on him—that is, against my wages to pay this insurance and for what I needed, and I told him that I would wait until I started to work at the gin and I did that. I told him I would do that. When I was writing this check I had that in view about his telling me that I could check on him. I believed that it was all right for me to do that. He told me that it was all right. I was relying on what he had formerly told me about it at the time." In his testimony Mr. Wallace denied that he had given appellant authority to use the gin company's money.

It appears from the testimony that the Farmers Gin Company was incorporated. The company operated two gins which were designated, apparently for convenience, Farmers Gin No. 1 and Farmers Gin No. 2. It is appellant's contention that in view of the fact that the proof showed that he checked on the account of Farmers Gin No. 2 there is a variance between the proof and the averment in the indictment that he embezzled money belonging to the Farmers Gin Company. We are unable to agree with appellant's contention. The name of the corporation, as disclosed by the testimony, was the Farmers Gin Company of Santa Anna, Texas. As already stated, the corporation operated two gins under a single charter. It is manifest from the record that the money appellant is alleged to have em-

bezzled was the property of the Farmers Gin Company of Santa Anna, Texas.

Appellant brings forward a bill of exception in which he complains of the introduction in evidence of a photostatic copy of the charter of the Farmers Gin Company of Santa Anna, Texas. Such photostatic copy bears the proper certificate of the Secretary of State. We deem it unnecessary to pass on appellant's contention that a photostatic copy is not admissible in the absence of proof that it was accurate. We say this in view of the fact that the testimony discloses that an officer of the Farmers Gin Company testified, in part, as follows: "The Farmers Gin Company is a corporation. It was a corporation on the 22nd day of September, 1937." In his Annotated Texas Penal Code, Section 2610, Mr. Branch uses language as follows: "In a criminal case when the injured party is alleged to be a corporation, proof that it was a corporation may be made by oral testimony." In support of the text many authorities are cited, among them being Fleener v. State, 23 S. W. 1; Commonwealth v. Whitman, 121 Mass. 361; Lowe v. State, 46 Ind. 305; State v. Jaynes, 78 N. C. 504.

Appellant made a motion to quash the indictment based upon the ground, among others, that it failed to designate which officer or agent of the corporation failed to give consent to the taking of the money in question. In Miller v. State, 242 S. W. 1040, which presented a conviction for embezzlement, this court held adversely to appellant's contention. The indictment herein embraced a proper averment that appellant embezzled the money and converted it to his own use without the consent of the Farmers Gin Company,—an incorporated company—of Santa Anna, Texas.

Appellant filed a second application for continuance based upon the absence of several witnesses, one of whom was his wife. We advert alone to the testimony appellant expected to elicit from his wife. Bearing in mind that this is his second application for continuance, it is observed that, in qualifying the bill of exception relating to the overruling of the application, the court states, in effect, that appellant's mother was present and gave testimony which was cumulative of the testimony which appellant alleged his wife would have given. Under the circumstances, the court was warranted in overruling the application. Furthermore, it is observed that appellant failed to attach to his motion for new trial the affidavit of his wife showing she would give the testimony set

forth in the application for continuance. In the absence of the affidavit the judicial discretion rested with the trial judge to determine whether the absent testimony was probably true in view of all the evidence heard during the trial. Tubb v. State, 5 S. W. (2d) 150. We think that under the testimony adduced upon the trial there was no abuse of discretion upon the part of the trial court in overruling the motion for new trial in so far as it was based upon the refusal of the court in the first instance to grant the application for continuance.

It is shown in bill of exception No. 14 that after eleven witnesses had testified that appellant's general reputation for honesty and integrity was good, the court refused to permit appellant to introduce six other witnesses who would have given testimony to the same effect. The State does not appear to have cross-examined any of the character witnesses, and, further, it appears that no testimony was offered by the State to the effect that appellant's general reputation in the respect mentioned was bad. It might be added that the bill of exception fails to show that the district attorney did not admit that appellant's reputation was good. Under the holding of this court in Patella v. State, 294 S. W. 571, we are constrained to overrule appellant's contention that the bill of exception presents error. In that case the court said: "Bill No. 5 complains of the action of the court in limiting appellant's character witnesses to the number of five. The court qualifies this bill by stating that there was no attack made upon the reputation of the appellant, and this issue was not contested. This bill, as qualied, shows no error."

In bill of exception No. 7 complaint is made of the action of the court in refusing to permit appellant to prove by the State's witness Brown that Elmo Wallace, a son of the manager of the gin, had given checks on the account of the gin company "for his (Elmo's) own personal use and benefit." It is stated in the bill of exception that this testimony was offered by the appellant for the purpose of showing that the alleged shortage in the gin account, which was estimated to be about $1400, was due to the action of Elmo Wallace in checking on the account for his own personal use. The court qualifies the bill of exception with the statement that he does not certify that the witness would have testified that Elmo Wallace had given the checks for his own personal use. Again, the qualification states that said Elmo Wallace had the authority and that it was his duty to give checks on the gin account in payment for cotton. Further, the qualification reads: "The $1400

shortage was not brought out by the State but by the defendant." In view of the fact that appellant proved in the first instance that there was a shortage of $1400 in the gin account, and of the further fact that appellant admitted that he had gotten the $92.73 alleged in the indictment, we think the proffered testimony would not have aided the jury in solving any issue in the case. We must appraise the bill as qualified, as appellant failed to except to the qualification.

We have not undertaken to discuss all questions presented by the record. However, after examining all bills of exception, we are constrained to hold that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that even if the testimony of his wife was cumulative of that of his mother, still it was error under the circumstances here present for the trial court to deny a second continuance sought because of the absence of his wife on account of her illness. Appellant cites a number of cases to support his position. We find it unnecessary to review the said authorities because under the record we think no reversible error may be predicated on the refusal of the continuance. Unless we entirely misapprehend the record, it reveals the following facts as it relates to the matter of the continuance.

It is stated in the application for continuance that appellant's wife would testify that: "* * * she was present and heard a conversation between defendant and Ed Bartlett at the gin, and that the said defendant did not tell Ed. Bartlett that he had stolen the money of the gin company or the gin or anyone else, but that defendant told said Bartlett that if the books of the gin or gin company showed that he was short that he would pay for said shortage, whatever it was, but denied that he had stolen any money from the said gin or said gin company."

The statement of facts shows that Ed Bartlett had more than one conversation with appellant at the gin about the shortage. On one occasion Bartlett sent for appellant to come

to the gin, and there were present at the ensuing conversation Mr. Brown and Leon Bartlett, Ed Bartlett and appellant. Ed Bartlett testified that in said conversation appellant said: "* * * As to what Bill Stiles said about it: He just said that he had been stealing from us, and I showed him the checks, and he said, 'Yes, this was the money he got,' and Mr. Brown asked him if he had used the money and spent it on somebody else and he said that he had used it all. Not all of the checks were there. I asked him about the missing checks and he said that he would look at the other gin, and when he started for the other gin he said, 'Mr. Bartlett, I have been stealing from you and I have been wanting to tell you about it for a long time but I just have not had the guts to do it. There is not any use to go hunting the checks. I got that money.' "

On cross examination at the instance of appellant's counsel Ed Bartlett further testified: "* * * I remember having a conversation with him on an occasion when his wife and mother or some of them were there. It was after that. I do not know just how long, but a week or two. At that time it was with reference to a shortage in the gin account. He said, 'If I am short in that gin account I will fix it up and pay it.' He said that he would try to do it."

It is apparent from what has been stated that Bartlett himself admitted that in the conversation with appellant when his wife and mother were present at the gin that appellant said exactly what appellant's wife would have testified he did say,—if she had been a witness on the trial. Because of this, we fail to see how the refusal of the continuance could in any way have been a basis for a reversal.

Appellant also states in his application for continuance that his wife, if present, would have testified that W. E. Wallace came to her house on one occasion and told her that appellant "was in trouble with him (Wallace) and that if she, defendant's wife, would be good to him (Wallace) and treat him just right, that all would be forgotten." This was purely an impeaching statement, if a predicate for the impeachment of Wallace could properly be laid on the matter indicated. A continuance will not ordinarily be granted to secure evidence which would only be available to impeach a witness who is expected to testify. Branch's Ann. Tex. P. C., Sec. 324, and authorities there cited.

It appears from bill of exception number five that appellant sought to lay a predicate for the impeachment of the

witness W. E. (Ed) Wallace by asking him in the absence of the jury, "* * * if he did not go to defendant's house before any indictment was returned and had a conversation with defendant's wife in which conversation he told the defendant's wife that he, witness, was having some trouble with Bill, her husband, and that if she would be good to him, or do what he wanted, that he, Ed Wallace, would quash it." Witness Wallace denied having any such conversation with appellant's wife. The bill brings forward the complaint that the court declined to permit the question to be asked the witness in the presence of the jury. Mr. Branch in his Ann. Tex. P. C., in Sec. 165, with many supporting authorities, announces the following principle.

"It is not proper to allow a witness to be cross examined as to any matter which is collateral and immaterial to the issue merely for the purpose of contradicting him by other evidence."

"When a witness is cross examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question."

It will be observed that the statement attributed to the witness by the question does not admit or intimate that no basis existed for the trouble he was having with appellant, but only that the investigation thereof would be discontinued or "quashed" under certain contingencies arrived at by inference from the question propounded. If the purported statement had been established it would have been uncomplimentary to the witness and subjected him to criticism, but it seems to be immaterial to the issue of whether appellant had embezzled funds belonging to the gin company. The rules quoted above seem to be applicable. The bill under consideration presents no error.

All other bills of exception adverted to in appellant's motion for rehearing have been again examined. When considered in connection with the appended explanation of the trial court none of them is thought to present reversible error, or to require extended discussion.

The motion for rehearing is overruled.