UNITED STATES of America ex rel. Paul V. HARRIS, Relator,

v.

Ralph H. TAHASH, Warden of Minnesota State Prison, Respondent.

Civ. No. 3-64-202.

United States District Court
D. Minnesota,
Third Division.

Aug. 8, 1964.

John S. Connolly, St. Paul, Minn., for relator.

DONOVAN, District Judge.

Relator, Paul V. Harris, has by his attorney, John S. Connolly, applied to this Court for a writ of habeas corpus.

Relator's application herein recites the history of his complaints, describing his trial by a jury in the District Court of Ramsey County, Minnesota, and the return of a verdict of guilty on November 18, 1960, of the crime of robbery in the first degree and the entry of a judgment of conviction pursuant to said verdict by said Court on December 9, 1960. A copy of the information, judgment of conviction and copies of recidivist informations and warrant of commitment are made a part of said application. Relator has been in custody since December 19, 1960.

Relator appealed to the Supreme Court of Minnesota on January 27, 1961 and contended that his rights against unreasonable searches and seizures, as guaranteed by the Fourth Amendment and made applicable to the State of Minnesota by the Fourteenth Amendment, had been violated by the search and seizure of the articles in relator's case.

On April 19, 1963, the Minnesota Supreme Court affirmed said judgment of conviction[1] and in its well-considered opinion disposed of relator's point of search and seizure in these words:

"9. Defendant's final contentions (1) that the Mapp decision 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 applies retroactively, and (2) that counsel's failure to act to suppress the evidence obtained in the search should not prejudice his cause, will not be considered since we have determined, as a matter of law, that probable cause existed for Harris' arrest. The existence of probable cause is ordinarily a judicial question. Jenkins v. State, 116 Tex.Cr.R. 374, 32 S.W.2d 848; cf. State v. Pluth, 157 Minn. 145, 148, 195 N.W. 789, 790. But see, Cochran v. Toher, 14 Minn. 385 (Gil. 293) where the court held, in an action for false imprisonment, that the nature of the circumstances of the case dictate whether probable cause is a question for the court or the jury.

"The reason for holding the existence of probable cause to be a question for the court was stated in People v. Gorg, 45 Cal.2d 776, 781, 291 P.2d 469, 472, as follows:

"'* * * The probative value of evidence obtained by a search or seizure, however, does not depend on whether the search or seizure was legal or illegal, and no purpose would be served by having the jury make a second determination of that issue. Moreover, the legality of a search or seizure will frequently depend on whether the officer had reasonable cause to make an arrest, and since such cause is not limited to evidence that would be admissible at the trial of the issue of guilt, [citation omitted] evidence that was otherwise inadmissible and prejudicial would frequently be presented to them if the jury were required to pass on the legality of the search or seizure.' "

All the foregoing was before the Supreme Court of the United States by petition for a writ of certiorari to review the judgment of the Minnesota Supreme Court of April 19, 1963 and filed on July 26, 1963 as Number 423 Misc., October Term 1963. On October 14, 1963, the petition for a writ of certiorari was denied.[2]

---

1. State v. Harris, 265 Minn. 260, 121 N.W. 2d 327.

2. Harris v. Minnesota, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94.

 Allegations of inference are insufficient as a substitute for averments that demonstrate departure from constitutional requirements by the state to warrant issuance of the writ in this type of case.

 Except in rare cases, Federal courts do not sit as appellate courts over the final judgment of a State court, based on facts such as portrayed in the application of the instant case.[3] The orderly administration of justice suggests avoidance of unseemly conflict between courts of concurrent jurisdiction over the same subject matter. This is indicated as far back as 1793 A.D. unless expressly authorized by an Act of Congress, such as in proceedings seeking injunctive relief against a State court.[4] We are here dealing with a civil proceeding, which must be viewed as a principle of right and of law, rather than suiting the convenience of litigants.

 The application for a writ of habeas corpus, if granted, would not change what was said and done in the Minnesota courts, and as reviewed by justices of the Supreme Court of the United States before denying the petition for a writ of certiorari.

The Mapp decision [5] was considered by the Supreme Court of Minnesota. It was, no doubt, cited by relator's counsel in his petition filed with the Supreme Court of the United States.

Law in the last analysis is based on reason and common sense.

This Court is current in the District of Minnesota to a large extent because of its attempt to apply justice in the light of the decisions of our appellate courts applicable to the facts of proceedings before the trial court.

3. Hodge v. Heinze, D.C.N.D.Cal., 165 F. Supp. 726; Application of Hodge, 9 Cir., 262 F.2d 778.

4. Title 28 U.S.C.A. § 2283, while not controlling, is referred to in the interest of

It is my opinion that relator has had his day in court.

The application for a writ of habeas corpus is denied.

It is so ordered.

An exception is allowed relator.

comity without doing violence to the rights of relator.

5. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.