**Richard Earl EAST, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44794.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Borup & Bradshaw by D. Channing Bradshaw, South Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, William Bugge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of felony theft. The appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at three years.

Appellant's sole contention is that the evidence is insufficient to support a finding of guilty. The following written stipulation was introduced into evidence:

"NO. 156937

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 178th DISTRICT COURT |
| VS. Richard East<br>Larry Hicks | HARRIS COUNTY, TEXAS |

### STIPULATION OF EVIDENCE

COMES NOW Richard East & Larry Hicks, the defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the 12th day of October, 1970, in Harris County, Texas, I did fraudulently take and steal one automobile of the value of over fifty dollars, which was the personal property of Jean Bartlett, and I took the same from his possession, without his consent, and with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit.

Richard East

Larry Hicks
Defendant

Sworn to and subscribed before me the undersigned authority on this the _____ day of Feb. 18, 1971, A.D. 19_____.

(COURT SEAL)

178th   W. L. Evans
Clerk, District Court
Harris County, Texas

Approved:

James B. Porter – Atty. for Larry Hicks

D. Channing Bradshaw – Atty. for East
Attorney for Defendant

Approved by the Court:

Dan S. Walton
Judge Presiding"

**294**

Appellant complains that said stipulation is ambiguous and misleading in that the language used within the body of the instrument is singular and the document is signed by two persons. The record reflects appellant and Hicks were jointly indicted and tried together. Article 21, Vernon's Ann.P.C., provides: "The use of the singular number includes the plural and the plural the singular." In Jackson v. State, 115 Tex.Cr.R. 21, 26 S.W.2d 273, the indictment alleged in substance that defendants did then and there unlawfully possess and have in "his possession for purpose of sale * * * *." In Jackson, it was contended that since there were two defendants, the use of the singular pronoun "his" rendered the indictment insufficient. In rejecting this contention, the court cited Art. 21, V.A.P.C., and noted that the use of the singular pronoun instead of the plural did not mislead the defendant. In the instant case, the appellant and his counsel signed the "Stipulation of Evidence." We are not confronted with a question of appellant being misled by use of the singular pronoun in the instrument, and we perceive no error as the result of its use.[1]

The second paragraph of the document constitutes a judicial confession by appellant. This judicial admission in writing is sufficient to support the conviction under Article 1.15, Vernon's Ann.C.C.P. Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Sprinkle v. State, Tex.Cr.App., 456 S.W.2d 387.

The judgment is affirmed.

Opinion approved by the Court.

---

1. It would be better practice where multiple defendants are tried together to use separate instruments.